IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE L. WHYTE,                         )
                          Plaintiff       )   Case No.
                                          )
        vs.                               )
                                          )
CENTRE COUNTY CORECTIONAL                 )
FACILITY                                  )
                                          )
                          Defendant       )

DEFENDANT CENTRE COUNTY CORRECTIONAL FACILITY'S
NOTICE OF REMOVAL

NOW COMES Defendant Clinton County Correctional Facility (CCCF) by

its attorneys Lee, Green & Reiter, Inc. pursuant to 28 U. S. C.A. 1441 and

respectfully represents as follows:

1.     Maurice L. Whyte (Whyte), acting *pro se*, commenced a civil action

against the CCCF in the Court of Common Pleas of Centre County, Pennsylvania

at No. 2021-67 by filing a Complaint on January 22, 2021, a true and correct copy

of which is attached hereto and marked Exhibit "A."

2.     The CCCF was served with a copy of the Complaint on February 3,

2021.

3.     In his Complaint Whyte, an inmate at the CCCF, avers that between

November 5, 2020 and January 22, 2021 he was discriminated against in housing

assignments due to his transgender identity, he was verbally abused due to his transgender identity, the CCCF did not provide him with his medically prescribed allergy diet, the CCCF has refused to deliver his mail to him and the CCCF has denied him an adequate grievance procedure.

4.    Whyte asserts claims under Section 1983 of the Federal Civil Rights Act (42 U.S.C.A §1983) based upon violations of the Eighth (Cruel and Unusual Punishment) and Fourteenth (Equal Protection) Amendments to the United States Constitution, a violation of Article 1, §8 of the United States Constitution and a violation of Section 2000e-2 of the federal Civil Rights Act 42 U.S.C.A. §2000e-2.)

5.    All of Whyte's claims arise under the Constitution and laws of the United States over which the United States District Courts have original jurisdiction pursuant to 28 U.S.C.A. §1331.

6.    Civil actions brought in a State Court asserting claims over which the District Courts have original jurisdiction may be removed by a Defendant to the District Court embracing the place where the civil action is pending pursuant to 28 U.S.C.A. §1441(a).

7.    The State Court Docket Sheet for this civil action and the remaining documents of record in this civil action, to include Whyte's Petition to Proceed in

forma pauperis, the Court's Order granting said petition and the CCCF's

Preliminary Objections to the Complaint are attached hereto as Exhibit "B."

WHEREFORE Defendant Centre County Correctional Facility removes this

civil action from the Court of Common Pleas of Centre County, Case No. 2021-67,

to the United States District Court for the Middle District of Pennsylvania.

LEE, GREEN & REITER, INC.

By: _____

Robert A. Mix, Esquire, PA.I.D. 16164
Attorney for Defendant Centre County
Correctional Facility
115 East High Street
Bellefonte, PA  16823
Phone:  814-255-4769
Fax:  814-355-5024

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Entry of

Appearance was deposited in the United States mail, postage prepaid, in

Bellefonte, Pennsylvania, on the _____ day of February, 2021, addressed to the

following:

Maurice L. Whyte
#12-0504
Centre County Correctional Facility
P.O. Box 247
Phoenix, MD 21131

                                      /s/ Robert A. Mix
                                      Robert A. Mix, Esquire



# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ Centre _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: 2021 – 67 |

*FILED FOR RECORD 2021 JAN 22 PM 2:2*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name: **Maurice L. Whyte**

Lead Defendant's Name: **Centre County Correctional Facility**

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested: (check one) ☒ within arbitration limits ☐ outside arbitration limits

Is this a *Class Action Suit*? ☐ Yes ☒ No

Is this an *MDJ Appeal*? ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: _____

☒ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☒ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*



**EXHIBIT**

A

In the Court of Common Pleas OF Centre County
Civil Action Law

Maurice L. Whyte        **Plaintiff**

V.

Centre County Correctional Facility of the
Commonwealth of Pennsylvania    **Defendant**

No. _2021 - 67_

Term(2021)

**COMPLAINT**

**1. Plaintiff,** Maurice L. Whyte is an adult residing as an inmate at Centre County Correctional Facility, 700 Rishel Hill Rd. Bellefonte PA, 16823, Centre County Pennsylvania since November 7, 2020.

2. Defendant Centre County Correctional Facility is an agency of the Commonwealth of Pennsylvania with offices at 700 Rishel Hill Rd. Bellefonte PA, 16823, Centre County, Pennsylvania.

3. When arriving at Centre County Correctional Facility as an inmate, I, Maurice L. Whyte, the Plaintiff, was asked a series of medical and classification questions pertaining to my gender identity and sexual orientation. I am transgender and I identify as such. Due to my identity I have suffered adverse actions by administration, subjecting me to offensive and discriminatory situations such as using my identity as a basis to house me in a specific housing unit, and involuntarily restricting me from being housed in a cell with any other inmate; both of which are violations against my Second Amendment and Fourteenth Amendment rights Described in the Constitution and also Federal Code 28 C.F.R. §115.42 (g) which states: **The agency shall not place lesbian, gay, bisexual, transgender, or intersex inmates in dedicated facilities, units, or wings solely on the basis of such identification or status, unless such placement is in a dedicated facility, unit, or wing established in connection with a consent decree, legal settlement, or legal judgment for the purpose of protecting such inmates.** The ONLY other transgender inmate in the facility besides me, Inmate Conrad A. Shutt ('Alexis') also revealed she was placed in this unit initially after staff questioned her about her sexual identity due to her appearance upon arrival. Under normal circumstances prior to her coming out as transgender she was housed in normal housing units. This individual has been frequenting this jail since 1996, and has never been placed in this unit until she revealed that she self identifies as a transgender female. I am also housed with inmates who cannot go to other units due to a history of conflict with one or more inmates in other units, inmates who are either mentally incapable of being in a general population unit, or inmates who are charged with crimes of a sexual nature and are considered to be predatorily high risk. Federal Code 28 C.F.R. §115.42 also implements that **The agency shall use information from the risk screening required by § 115.41 to inform housing, bed, work, education, and program assignments with the goal of keeping separate those inmates at high risk of being sexually victimized from those at high risk of being sexually abusive.** If administration's concern was that I was at risk of being victimized , would it be logical for them to place me in a unit with inmates who are more prone to be sexually abusive? I was told during a meeting between me, Lt. Woods and Deputy Warden Irwin that my initial and permanent placement

was put in place to 'keep me safe'. Up to date I have not requested separation or protection from any other inmate or group of inmates and I have not expressed any concerns in regards to my safety. I asserted that I have never been sexually victimized or victimized in any other way because of my gender identity and that I did not consider myself vulnerable. Therefore my placement was biased and discriminatory, and did not change when my concerns were brought to the attention of administration. "Plaintiffs filed a Second Amended Complaint against Defendants Sheriff John McMahon, Greg Garland, Jeff Rose, Sergeant James Mahan, Corporal Armando Castillo, the County of{2019 U.S. Dist. LEXIS 4} San Bernardino ("the County"), and San Bernardino Sheriff's Department ("SBCSD") (collectively "Defendants"). ("SAC," Dkt. 37.) Plaintiffs sue each individual defendant in both his individual and official capacity. (Id.) Plaintiffs allege three causes of action: (1) violation of 42 U.S.C. § 1983 for depriving Plaintiffs of equal protection afforded by the 14th Amendment based on sexual orientation, gender identity, and gender. Although unclear to the Court, it appears Plaintiff wishes to assert he is a member of or participate in the class action lawsuit filed by <u>inmates held in the San Bernardino County Jail who identified as gay, bisexual, or transgender, who were held in a housing unit separate from the main population, and who alleged violations under § 1983 for deprivation of equal protection "based on sexual orientation, gender orientation, gender identity, and gender"</u>-a case that was ultimately settled for around one million dollars. See McKibben v. McMahon, No. EDCV 14-2171 JGB (SPx), 2019 U.S. Dist. LEXIS 34110. The initial fairness factor addresses Plaintiffs' likelihood of success on the merits. See Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 964-65 (9th Cir. 2009). In determining the probability of Plaintiffs' success on the merits, there is no "particular formula by which that outcome must be tested." Id. at 965. Plaintiffs considered their liability case to be strong, especially since California expressly applies strict scrutiny to claims of sexual orientation discrimination. (MFACS at 9.) However, Defendants similarly believe they have a strong defense in asserting that Plaintiffs made voluntary and informed decisions to be housed in the ALT. (Id.) Additionally, Defendants contest that a proper comparison for GBT inmates are general population inmates, and instead assert that protective custody inmates are the proper comparison group. (Id.) Given the challenges Plaintiffs would face in continued litigation over such issues, the Court finds this factor weighs in favor of approval." *See* **[McKibben v. McMahon, 2015 U.S. Dist. LEXIS 176696 (C.D. Cal., Apr. 17, 2015)]**,

4.On November 24, 2020,an officer of Centre County Correctional facility (C/O Folk) openly referred to me as a "he-she", while negatively conversing about me with another inmate. This an example of the verbal abuse I've experienced along with the majority of staff members' refusal to address me using female pronouns.

5. On December 25, 2020 an officer (C/O Rockey) of Centre County Correctional Facility supervising the unit in which I am housed made inappropriate comments regarding my physical stature and the fact that I have augmented breasts, in the presence of other inmates which is an example of the sexual harassment I have endured. After making that staff member aware of my intentions to inform his supervisors of his inappropriate conduct, the officer proceeded to perform a 'random' search of the cell where only I am housed exhibiting a form of retaliation. I along with other inmates discreetly observed this officer reading mail and staring at pictures. This officer confiscated nothing but a piece of paper with a handwritten list of books that was labeled "Black gay fiction". I did not notice that the piece of paper was gone until I was called to the shift commander's office to write a statement in regards to his sexual harassment. I observed the piece of paper on the Lieutenant's desk. On January 3, 2021, I was called to the shift commander's office in regards to the sexual harassment complaint and without further question I was told that the complaint was unsubstantiated. Means to appeal the decision was not

afforded to me and since the incident the officer has been permitted to work in areas overseeing the housing unit in which I am housed.

6. Since arriving at Centre County Correctional Facility I have been on a medically prescribed allergy diet which serves to ensure that the facility not serve me meals containing contents that I am allergic to. If contents in the meal contain such ingredients, those contents should be substituted with contents of equal nutritional value. I am given meals daily that are sent with my name taped to them. After complaining through the proper channels twice that I had been given meals containing contents that I am allergic to, subjecting me to substantial health risks, mistakes in regards to my meals became more frequent. Either the meals sent constantly have hair in them, they are missing contents given to the rest of the population and don't have the medically restricted ingredients (soy,rice) in them such as fruit or rice and aren't substituted with anything or they frequently are sent with the allergy restricted items in the meals 'by mistake' to be discovered by me along with staff supervising the housing unit prior to me consuming such . I have deterred from eating the meals out of fear of staff using my meals to inflict retaliation.

7.Since arriving at Centre County Correctional Facility I have not received a single piece of mail that I constantly call home and confirm was sent by family, friends, or business associates. I have been forwarded documents from associates needing signatures for my approval on documents relating to a business that I am the sole owner of (EIN No. 84-448859). I have lost property, revenue and clientele due to this interference. Dating all the way back to the middle of November up until this present date, my Fiancé has sent me a letter every other day and I have not received a single one. This is an example of the defendant violating my right to the use of the mail system**. Article I, § 8 of the Constitution vests power in Congress to establish post offices. This power has been interpreted by the Supreme Court as granting to Congress and the U.S. Postal Service the exclusive right to regulate the postal system of the country. That a prisoner has at least a qualified federal right to use the mail system would thus seem clear.**

8. After properly pursuing the grievance procedure regarding the incidents described in paragraphs 3,4,5,6 and 7, administration did nothing to prevent these things from happening again, often attempting to verbally persuade me to accept their way of doing things as policy without providing proof and/or dismissing my complaints altogether leaving me vulnerable to the retaliation, verbal abuse , inappropriate supervision, discrimination, cruel and unusual punishment and denial of my right to the grievance process and use of the mail system.  In my possession I have grievance forms pertaining to these incidents that are time stamped proving that they were received but they lack grievance numbers and written responses proving that they were not even filed, one of which was returned to me with the administrations' copy still attached. Each inmate shall be entitled to invoke the grievance procedure regardless of any disciplinary, classification, or other administrative or legislative decision to which the inmate may be subject. The institution shall ensure that the procedure is accessible to impaired and handicapped inmates. **Source Order No. 957-81, 46 FR 48186, Oct. 1, 1981.** § 40.5 Applicability. The grievance procedure shall be applicable to a broad range of complaints and shall state specifically the types of complaints covered and excluded. At a minimum, the grievance procedure shall permit complaints by inmates regarding policies and conditions within the jurisdiction of the institution or the correctional agency that affect them personally, as well as actions by employees and inmates, and

incidents occurring within the institution that affect them personally. The grievance procedure shall not be used as a disciplinary procedure. **Source Order No. 957-81, 46 FR 48186, Oct. 1, 1981.** § 40.6 Remedies. The grievance procedure shall afford a successful grievant a meaningful remedy. Although available remedies may vary among institutions, a reasonable range of meaningful remedies in each institution is necessary. **Source Order No. 957-81, 46 FR 48186, Oct. 1, 1981.**

9. This is an action in which Maurice L. Whyte Seeks declaratory, compensatory, punitive and monetary damages stemming from the sexual harassment, discrimination, verbal and psychological abuse and violation of my First, Second, Fourteenth, and Fifth amendment rights. These incidents have been ongoing since November 2020.

## VENUE

11. The foregoing facts and statements are herein incorporated by reference.

12. Pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179, venue is properly laid in Centre County.

## Count I
### Deprivation of Equal Protection afforded by the Fourteenth Amendment

13. **Wherefore,** Plaintiff seeks compensatory relief in the amount of $10,000 which does not exceed the jurisdictional amount requiring an arbitrations referral by local rule.

## Count II
### Inflicting cruel and unusual punishment in violation of the Eighth Amendment

14. **Wherefore,** Plaintiff seeks compensatory relief in the amount of $10,000 and an order for the staff members of Centre County Correctional Facility involved in the sexual harassment in paragraphs 4 and 5 to be terminated. Plaintiff also seeks an order for the staff and administration of Centre County Correctional Facility to be retrained in regards to proper housing and treatment of Transgender inmates.

## Count III
### Sex Discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2

15. **Wherefore,** Plaintiff seeks compensatory relief in the amount of $10,000 and declaratory relief ordering for the staff members of Centre County Correctional Facility involved in the sexual harassment in paragraphs 4 and 5 to be terminated and declaratory relief ordering the staff and administration of

# Prothonotary Docket Results

Result (4 of 9)

## Prothonotary Docket Results

| | |
|---|---|
| CASE | CIVIL OTHER |
| DOCKET | GENERAL FEES |
| DOCKET # | 21-0067 |
| FILING DATE AND TIME | 01/08/2021 02:45 |
| SAT/ DIS/ GNTD | |
| VOL | |
| PAGE | |
| SEALED | |
| PLAINTIFF(S) | LIEN LAWYER(S) |
| WHYTE , MAURICE L | LIEN LAWYERS |
| DEFENDANT(S) | MIX , ROBERT |
| CENTRE COUNTY CORRECTIONAL FACILITY , | |

## Proceedings

**02/18/2021** [View]
DEFENDANT CENTRE COUNTY CORRECTIONAL FACILITY'S PRELIMINARY

**02/12/2021** [View]
BY PAPER FILED, ROBERT A. MIX, ESQ, ENTERS HIS APPEARANCE ON

**02/10/2021** [View]
DEMAND FOR JURY TRIAL WITH CERTIFICATION OF SERVICE, FILED.

**01/27/2021** [View]
ORDER, FILED. (IFP GRANTED)(MAILED COPY WITH 236 NOTICE TO

**01/08/2021** [View]
COMPLAINT WITH CERTIFICATION OF SERVICE, FILED (SENT TO COURT

**01/08/2020** [View]
PRAECIPE TO PROCEED IN FORMA PAUPERIS WITH CERTIFICATION OF



EXHIBIT

B



In the Court of Common Pleas OF Centre County
Civil Action Law

Maurice L. Whyte                         **Plaintiff**

**V.**

Centre County Correctional Facility of the
Commonwealth of Pennsylvania          **Defendant**

_____ **Term(2021)**

No. _2021-67_

## PRAECIPE TO PROCEED IN FORMA PAUPERIS

1. I am the (plaintiff) in the above matter and because of my financial condition am unable to pay the fees and costs of prosecuting or defending the action or proceeding.

2. I am unable to obtain funds from anyone, including my family and associates, to pay the costs of litigation.

3. I represent that the information below relating to my ability to pay the fees and costs is true and correct:

(a)Name: Maurice . Whyte

Address: 700 Rishel Hill Rd
Bellefonte, PA 16823

Marital Status: Single

I am currently incarcerated and unemployed

If you are presently unemployed, state :

Date of last employment: February 2019

Salary or wages per month: $2, 000
Type of work: Car Sales

Other income within the past twelve months : None

Business or profession: None

2021 JAN -8 PH 2: 46
FILED FOR RECORD
CENTRE COUNTY, PA
PROTHONOTARY
___ __ BREON

Other self-employment: None

Interest: None

Dividends: None

Pension and annuities: None

Social security benefits: None

Support payments: None

Disability payments: None

Unemployment compensation and supplemental benefits:   None

Workers' compensation: None

Public assistance: None

Other: None

(d)  Other contributions to household support : None

(e)  Property owned

Cash: 0

Checking account: 0

Savings account: 0

Certificates of deposit: 0

Real estate (including home): 0

Motor vehicle: None

Stocks and bonds: 0

Other: -------------------

(f)  Debts and obligations

Mortgage: 0

Rent:0

Loans: 0

Other: --------------------

(g) Persons dependent upon you for support : None

4. I understand that I have a continuing obligation to inform the court of improvement in my financial circumstances which would permit me to pay the costs incurred herein.

5. I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. 4904, relating to unsworn falsification to authorities.

*M. Whyte* 1-5-21

Maurice L. Whyte
Inmate Number 20-0917
Centre County Correctional Facility
700 Rishel Hill Road
Bellefonte, Pennsylvania 16823
**Plaintiff**

## VERIFICATION

I, Plaintiff, hereby state that the facts and statements made in the foregoing Motion are true and correct to the best of my knowledge, information and belief. These statements are made subject to the penalties or 18 Pa. C. S. A. § 4904, relating to unsworn falsification to authorities.

_M. Whyte_  1-5-21

Maurice L. Whyte
Inmate Number 20-0917
Centre County Correctional Facility
700 Rishel Hill Road
Bellefonte, Pennsylvania 16823
**Plaintiff**

## CERTIFICATTION OF SERVICE

It is hereby certified that on this date, January 5, 2021, (1) copies of the foregoing Motion were served on the following individuals and in the manner indicated below, which service satisfies the requirements of Pa.R.C.P. 403:

SERVICE BY MAIL:

Jeremy S. Breon, Prothonotary
Centre County Court of Common Pleas
Centre County Courthouse
102 South Alleghany Street
Bellefonte, Pennsylvania 16823

1-5-21

Maurice L. Whyte
Inmate Number 20-0917
Centre County Correctional Facility
700 Rishel Hill Road
Bellefonte, Pennsylvania 16823
**Plaintiff**



IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

MAURICE L. WHYTE, )
                Plaintiff )
v. )     No. 2021-0067
 )
CENTRE COUNTY CORRECTIONAL )
FACILITY OF THE COMMONWEALTH OF )
PENNSYLVANIA, )
           Defendant )

## O R D E R

AND NOW, this 27th day of January, 2021, upon consideration of Plaintiff

Maurice L. Whyte's Praecipe To Proceed Informa Pauperis, said Praecipe is

GRANTED. Plaintiff is permitted to file and proceed with this action without payment

of filing fees or costs of service.

BY THE COURT:

Pamela A. Ruest, President Judge

NOTICE OF ENTRY OF
ORDER OR DECREE,
PURSUANT TO PA. R.C.P.
236 NOTIFICATION. THIS
DOCUMENT HAS BEEN
FILED IN THIS CASE.

PROTHONOTARY, CENTRE
COUNTY, PA.
DATE: 1/29/2021

2021 JAN 27 PM 2: 51

FILED FOR RECORD



COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL DIVISION

MAURICE L. WHYTE,                         )
             Plaintiff        )        Civil Action No.2021-67
                              )
     vs.                                  )
                              )
CENTRE COUNTY CORECTIONAL                 )
FACILITY OF THE COMMONWEALTH              )
OF PENNSYLVANIA                           )
             Defendants       )

## ENTRY OF APPEARANCE

Please enter the appearance of the undersigned on behalf of the Centre County

Correctional Facility, Defendant above-named.

LEE, GREEN & REITER, INC.

By:       _____
             Robert A. Mix, Esquire,  PA.I.D. 16164
             Attorney for Defendant
             115 East High Street
             Bellefonte, PA 16823
             Phone: 814-255-4769
             Fax: 814-355-5024

FILED BY EMAIL

FILED FOR RECORD

2021 FEB 12 A 9: 42

PROTHY.
CENTRE CO.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Entry of

Appearance was deposited in the United States mail, postage prepaid, in

Bellefonte, Pennsylvania, on the 12th day of February, 2021, addressed to the

following:

Maurice L. Whyte
#20-0508
Centre County Correctional Facility
P. O. Box 247
Phoenix, MD 21131

_____
Robert A. Mix, Esquire

## CERTIFICATE OF COMPLIANCE

2021-067

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: ___Defendant Centre County___

Signature: _____

Name: ___Robert A. Mix, Esquire___

Attorney No. (if applicable)___16164___

Date: ___2/12/2021___

Rev. 7/2018



COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL DIVISION

MAURICE L. WHYTE,                          )
                        Plaintiff   )    Civil Action No.2021-67
                                  )
  vs.                                      )
                                  )
CENTRE COUNTY CORECTIONAL          )
FACILITY OF THE COMMONWEALTH   )
OF PENNSYLVANIA                            )
                    Defendants  )

### DEFENDANT CENTRE COUNTY CORRECTIONAL FACILITY'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Centre County Correctional Facility, CO Rockey,

CO Folk, Director of Treatment Hite and Deputy Warden Irwin pursuant to PA. R.

Civ. P. 1028 and respectfully represent as follows:

1.    Plaintiff Maurice L. Whyte (Whyte) commenced this civil action

against Defendant Centre County Correctional Facility (CCCF)) by filing a

Complaint on January 22, 2021.

2.    The CCCF was served with the Complaint on February 3, 2021.

3.    The CCCF filed Preliminary Objections to the Complaint on February

18, 2021, which are before the Court for disposition.

4.    The relevant facts, as pled in the Complaint, are as follows:

2021 FEB 18  A  9: 05

FILED FOR RECORD

FILED BY EMAIL

a. Whyte is an inmate at the CCCF, having been housed there from November 7, 2020 to the present. (Document 1, Complaint, Page 2, ¶ 1).

b. Whyte is transgender and identifies as female. (Document 1, Complaint, Page 2, ¶ 1).

c. The CCCF discriminated against Whyte on the basis of her gender identity by housing her in an alternative housing unit and placing her on "cell alone" status. (Document 1, Complaint, Pages 2 & 3, ¶ 1).

d. On November 24, 2020 CO Folk referred to Whyte as a "he-she" while negatively conversing about her with another inmate. (Document 1, Complaint, Page 3, ¶ 2).

e. On December 25, 2020 CO Rockey, in the presence of other inmates, made inappropriate remarks about Whyte's stature and augmented breasts i.e., "[w]hat the f*** are you laughing at?  Your body isn't even real. Aren't your boobs fake?" (Document 1, Complaint, Page 3, ¶ 3).

f. On that same date, CO Rockey, having been advised by Whyte that she was going to report him for harassment, conducted a search of her cell and confiscated a piece of paper listing books under the

heading "black gay fiction novels." (Document 1, Complaint, Page 3, ¶ 3).

g.  During her stay at the CCCF, Whyte was to receive a medically prescribed allergy diet. Throughout her stay she received meals containing foreign objects or contents to which she is allergic. (Document 1, Complaint, Page 3, ¶ 4).

h.  During her stay at the CCCF, Whyte's incoming mail was withheld from her. (Document 1, Complaint, Page 3, ¶ 5).

i.  During her stay at the CCCF, Whyte was not afforded an adequate grievance procedure. (Document 1, Complaint, Page 4, ¶ 5).

## LEGAL INSUFFICIENCY OF THE COMPLAINT
## (DEMURRER)

5.  Although Whyte does not specifically state the claims / causes of action she is asserting, she seeks compensatory and punitive damages due to the averred discrimination, sexual harassment, verbal and psychological abuse she has received and violations of her constitutional rights. (Document 1, Complaint, Page 4, ¶ V).

6.  Presumably, Whyte asserts claims/causes of action under Section 1983 of the Civil Rights Act (42 U.S.C.A. §1983) based upon violations of the rights guaranteed her under the First (Free Speech – Denial of Mail; Access to Courts - Retaliation), Fifth (Due Process – Denial of Adequate Grievance

Procedure), Eighth (Cruel & Unusual Punishment – Sexual Harassment & Denial of Prescribed Diet) and Fourteenth (Equal Protection – Discrim - ination in Housing; Due Process - Denial of Adequate Grievance Procedure) Amendments to the United States Constitution.

7.     The Complaint fails to plead facts sufficient to state a claim against the CCCF under §1983 upon which relief may be granted.  The CCCF is not a "person" under §1983 subject to liability. *Fischer v. Cahill,* 474 F.2d 991, 992 (3d Cir.1973); *Regan v. Upper Darby Twp.,* No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), affd, 363 F. App'x 917 (3d Cir. 2010); *Philogene v. Adams County Prison,* Civ. No. 97–0043, slip op. at p. 4 (M.D.Pa. Jan. 30, 1997) (Rambo, C.J.);

8.     Even if the CCCF were a "person" under §1983 subject to liability, the Complaint, nevertheless, fails to plead facts sufficient to state a claim against it upon which relief may be granted.  The Complaint does not plead facts showing the CCCF's personal involvement in the alleged violations. The CCCF cannot be held liable on a theory of *respondeat superior.* *Rode v. Dellarciprete,* 845 F.2d 1195 (3d Cir. 1988)

9.     Even if the CCCF were a "person" under §1983 subject to liability, the Complaint, nevertheless, fails to plead facts sufficient to state a claim against it upon which relief may be granted for the following additional reasons:

a.    CO Folk and CO Rockey's alleged verbal abuse / sexual harassment is not sufficient to establish an Eighth Amendment claim.

b.    CO Rockey's alleged search of Whyte's cell is insufficient to establish a First or Fourteenth Amendment claim.

c.    Prisoners have no constitutional right to a grievance procedure and the failure of prison officials to create such a procedure or to properly investigate or respond to a prisoner's grievance does not constitute a Fifth or Fourteenth Amendment violation. *Wilson v. Horn*, 971 F.Supp. 943 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998). *Mayo v. Cowden*, No. 640 C.D. 2018, 2019 WL 1504390, at *5 (Pa. Commw. Ct. Apr. 5, 2019)

WHEREFORE, the Centre County Correctional Facility respectfully requests that Plaintiff Whyte's Complaint be dismissed as to it.

LEE, GREEN & REITER, INC.

By: _____

Robert A. Mix, Esquire, PA.I.D. 16164
Attorney for Defendant Centre County
Correctional Facility
115 East High Street
Bellefonte, PA 16823
Phone: 814-255-4769
Fax: 814-355-5024

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Entry of

Appearance was deposited in the United States mail, postage prepaid, in

Bellefonte, Pennsylvania, on the _8th_ day of February, 2021, addressed to the

following:

Maurice Lavell Whyte
#20-0508
Centre County Correctional Facility
P.O. Box 247
Phoenix, MD 21131

Robert A. Mix, Esquire

## CERTIFICATE OF COMPLIANCE

2021-067

    I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: ___Defendant Centre Co. et al___

Signature: _____

Name: ___Robert A. Mix, Esquire___

Attorney No. (if applicable)___16164___

Date: ___1/15/2021___

Rev. 7/2018