IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE L. WHYTE, | ) | |
| Plaintiff | ) | Case 1:21-cv-00318-YK-EB |
| | ) | |
| vs. | ) | |
| | ) | |
| CENTRE COUNTY CORECTIONAL | ) | |
| FACILITY OF THE COMMONWEALTH | ) | |
| OF PENNSYLVANIA | ) | |
| Defendant | ) | |

**DEFENDANT CENTRE COUNTY CORRECTIONAL FACILITY'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6)**

**I.    STATEMENT OF THE CASE**

**PROCEDURAL HISTORY**

Plaintiff Maurice L. Whyte (Whyte) commenced this civil action against

Defendant Centre County Correctional Facility (CCCF) in the Court of Common

Pleas of Centre County, Pennsylvania by filing a Complaint on January 22, 2021.

The CCCF was served with the Complaint on February 3, 2021.

The CCCF filed Preliminary Objections to the Complaint on February 18,

2021.

The CCCF filed a Notice of Removal to this Court on January 22, 2021.

The CCCF filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on

January 25, 2021, which is presently before this Court for disposition.

## FACTUAL HISTORY

The relevant facts, as pled in the Complaint, are as follows:

a.     Whyte is an inmate at the CCCF, having been housed there from November 7, 2020 to the present. (Document 1, Complaint, Page 2, ¶ 1).

b.     Whyte is transgender and identifies as female. (Document 1, Complaint, Page 2, ¶ 1).

c.     The CCCF discriminated against Whyte on the basis of her gender identity by housing her in an alternative housing unit and placing her on "cell alone" status. (Document 1, Complaint, Pages 2 & 3, ¶ 1).

d.     On November 24, 2020 CO Folk referred to Whyte as a "he-she" while negatively conversing about her with another inmate. (Document 1, Complaint, Page 3, ¶ 2).

e.     On December 25, 2020 CO Rockey, in the presence of other inmates, made inappropriate remarks about Whyte's stature and augmented breasts i.e., "[w]hat the f*** are you laughing at?  Your body isn't even real. Aren't your boobs fake?" (Document 1, Complaint, Page 3, ¶ 3).

f.      On that same date, CO Rockey, having been advised by Whyte that she was going to report him for harassment, conducted a search of her cell and confiscated a piece of paper listing books under the heading "black gay fiction novels." (Document 1, Complaint, Page 3, ¶ 3).

g.      During her stay at the CCCF, Whyte was to receive a medically prescribed allergy diet.  Throughout her stay she received meals containing foreign objects or contents to which she is allergic. (Document 1, Complaint, Page 3, ¶ 4).

h.      During her stay at the CCCF, Whyte's incoming mail was withheld from her.  (Document 1, Complaint, Page 3, ¶ 5).

i.      During her stay at the CCCF, Whyte was not afforded an adequate grievance procedure. (Document 1, Complaint, Page 4, ¶ 5)

## II.    QUESTIONS PRESENTED

A.    Whether the complaint fails to plead facts sufficient to state a claim against the Clinton County Correctional Facility for the following reasons:

1.    The Clinton County Correctional Facility is not a "person" subject to liability under section 1983 of the Civil Rights Act.

2.    The Clinton County Correctional Facility cannot be held liable on a theory of *respondeat superior.*

3.     The complaint fails to plead facts sufficient to state claims based

upon violations of Whyte's rights under the First, Fifth, Eighth and

Fourteenth Amendments to the United States Constitution.

B.     Whether the Complaint fails to plead facts sufficient to state a claim

against the Clinton County Correctional Facility under title VII of the Civil

Rights Act?

## III.   ARGUMENT

### STANDARD OF REVIEW

Rule 12(b) (6) provides for the dismissal of a claim that fails to assert a basis

upon which relief may be granted.  In determining whether to grant a Motion to

Dismiss the Court must determine whether the allegations set forth in the

Complaint constitute a cause of action as required by Fed.R.C.P. 8(a).  *Loftus v.*

*Southeastern Pennsylvania Transportation Authority*, 843 F.Supp. 1981, 1986

(E.D. Pa. 1994).  Although a complaint need not contain detailed factual

allegations in order to comply with the mandate of Fed.R.C.P. 8(a), it must contain

"… more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action …" *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

In making this determination this Court may consider not only the

allegations set forth in the complaint but also exhibits attached to the complaint,

matters of public record and undisputedly authentic documents a defendant

attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. ***Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.***, 998 F.2d 1192, 1196 (3d Cir.1993) and ***Kimmel v. Phelan Hallinan & Schmieg, PC***, 847 F.Supp.2d 753 (E.D.Pa.,2012). However, it is clear that this Court need not accept as true allegations of law, unsupported conclusions, and unwanted inferences. ***Kost v. Kozakiewicz***, 1 F.3d 176, 183 (3rd Cir. 1993) and ***Violanti v. Emery Worldwide A-CF Corp.***, 847 F.Supp. 1251, 1255 (M.D. Pa. 1994).

**DISCUSSION**

Whyte seeks compensatory and punitive damages due to the alleged discrimination, sexual harassment, verbal and psychological abuse she received and violations of her constitutional rights. She asserts claims/causes of action under Section 1983 of the Civil Rights Act (42 U.S.C.A. §1983) based upon violations of the rights guaranteed her under the First (Denial of Mail) Eighth (Cruel & Unusual Punishment – Sexual Harassment & Denial of Prescribed Diet) and Fourteenth (Equal Protection – Discrimination in Housing) Amendments to the United States Constitution and under Article 1, §8 (Denial of Mail) to the United States Constitution.[1] She also asserts a claim based upon discrimination under Title VII of the Civil Rights Act.

---

[1] Article 1, §8, clause 7 to the United States Constitution grants Congress the right to establish post offices and post roads. It does not appear to grant individual citizens the right to send or receive mail or to confer upon them a private right of

## THE CLINTON COUNTY CORRECTIONAL FACILITY IS NOT A "PERSON" SUBJECT TO LIABILITY UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT.

The CCCF submits that the Complaint fails to plead facts sufficient to state a claim against it under §1983 upon which relief may be granted since it is not a "person" under §1983 subject to liability. *Fite v. PrimeCare Med.,* No. 4:14-cv-781, 2015 WL 4509087, at *6 (M.D.Pa. July 24, 2015); *Regan v. Upper Darby Twp.,* No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), aff'd, 363 F. App'x 917 (3d Cir. 2010).  Since the CCCF cannot, as a matter of law, be held liable on any of Whyte's §1983 claims, such claims should be dismissed.

## THE CLINTON COUNTY CORRECTIONAL FACILITY CANNOT BE HELD LIABLE ON A THEORY OF *RESPONDEAT SUPERIOR*

Whyte pleads claims against the CCCF based upon the actions of CO Folk, CO Rockey and various unnamed members of the CCCF's administration and staff.  Even if it were judicially determined that the CCCF is a "person" under §1983 subject to liability, liability cannot be imposed on it based upon the doctrine

---

action based upon a denial of such a right.  However, our Supreme Court has recognized that prisoners have protected First Amendment interests in sending and receiving mail. *See Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Caldwell v. Beard,* 305 F. App'x 1, 4 (3d Cir. 2008)  Whyte's claim based upon Article 1, §8, clause 7 will be discussed as a First Amendment claim in this brief.

of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir.

1988); *Parratt v. Taylor,* 451 U.S. 527, 537 n. 3, 101 S.Ct. 1908, 1913 n. 3, 68

L.Ed.2d 420 (1981); *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077,

1082 (3d Cir.1976). A defendant in a civil rights action must

have personal involvement in the alleged wrongs which must be shown through

allegations of personal direction or of actual knowledge and acquiescence.

However, such allegations must be made with appropriate particularity. *Rode v.

Dellarciprete; Parratt v. Taylor*; *Hampton v. Holmesburg Prison Officials.*

Since the Complaint fails to plead specific facts showing the CCCF's

personal involvement in any of the §1983 claims asserted, such claims should be

dismissed.

**THE COMPLAINT FAILS TO PLEAD FACTS SUFFICIENT TO STATE CLAIMS BASED UPON VIOLATIONS OF WHYTE'S RIGHTS UNDER THE FIRST, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

Even if it were judicially determined that the CCCF is a "person" under

§1983 subject to liability and liability can be imposed on it based upon the doctrine

of *respondeat superior*, the Complaint, nevertheless, fails to plead facts sufficient

to state certain claims against it upon which relief may be granted for the following

additional reasons.

a.   CO Folk and CO Rockey's alleged verbal abuse / sexual harassment is insufficient to establish an Eighth Amendment claim. Mere verbal abuse, even abuse involving racial or sexual harassment, is not actionable as a civil-rights claim. *Dunbar v. Barone*, 487 Fed.Appx. 721 (3d Cir. 2012) (nonprecedential); *Robinson v. Taylor*, 204 Fed.Appx. 155, 156 (3d Cir. 2006) (nonprecedential); *Hernandez-Tirado v. Lowe*, No. 3:CV-14-1897, 2017 WL 3433690, at *11 (M.D. Pa. Aug. 10, 2017)

b.   CO Rockey's alleged search of Whyte's cell is insufficient to establish a First or Fourteenth Amendment retaliation claim. In the prison context, the elements of a First Amendment retaliation claim are that: (1) the prisoner engaged in constitutionally protected conduct, (2) prison officials took an adverse action against the prisoner that is sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) there is a causal link between the exercise of the prisoner's constitutional rights and adverse action taken against him. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) Even assuming the Complaint pleads facts sufficient to establish the first element, it fails to plead facts sufficient to establish the second element, i.e. CO Rockey took an adverse action against her sufficient to deter a person of ordinary firmness from exercising her constitutional rights.

An adverse action need not be great in order to satisfy this element, but it must be more than *de minimus*. *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006) "In general, 'courts have consistently held that a cell search is not an 'adverse action' for retaliation purposes." *Curtician v. Kessler*, 2010 WL 6557099, *7 (W.D. Pa. 2010) (collecting cases); *see also Banks v. Rozum*, 2015 WL 1186224, *7 (M.D. Pa. 2015); *Dickerson v. Gordon*, 2015 WL 5785575, *6 (M.D. Pa. 2015).

     c.    Prison officials' alleged failure to create a grievance procedure or to properly investigate or respond to Whyte's grievances does not constitute a Fifth or Fourteenth Amendment violation. Prisoners have no constitutional right to a grievance procedure. *Wilson v. Horn*, 971 F.Supp. 943 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998). *Mayo v. Cowden*, No. 640 C.D. 2018, 2019 WL 1504390, at *5 (Pa. Commw. Ct. Apr. 5, 2019)

**THE COMPLAINT FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM AGAINST THE CLINTON COUNTY CORRECTIONAL FACILITY UNDER TITLE VII OF THE CIVIL RIGHTS ACT**

Whyte also asserts a claim against the CCCF under Title VII of the Civil Rights Act based upon discrimination in her cell assignments due to her gender identification. § 2000e-2 of the Act under which Whyte proceeds pertains only to discrimination based upon sex, among other things, in employment practices.

Since Whyte was not an employee of the CCCF, this section affords Whyte no

basis for relief and this claim should be dismissed.

## IV.   CONCLUSION

WHEREFORE, the Centre County Correctional Facility respectfully

requests that Plaintiff Whyte's Complaint be dismissed as to it.

LEE, GREEN & REITER, INC.

By: _____

Robert A. Mix, Esquire, PA.I.D. 16164
Attorney for Defendant Centre County
Correctional Facility
115 East High Street
Bellefonte, PA  16823
Phone:  814-255-4769
Fax:  814-355-5024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Entry of

Appearance was deposited in the United States mail, postage prepaid, in

Bellefonte, Pennsylvania, on the *25th* day of February, 2021, addressed to the

following:

Maurice Lavell Whyte
#20-0508
Centre County Correctional Facility
P.O. Box 247
Phoenix, MD 21131

_/s/ Robert A. Mix_____
Robert A. Mix, Esquire
