IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE L. WHYTE,<br>    Plaintiff | : | |
| | : | No. 1:21-cv-00318 |
| v. | : | |
| | : | (Judge Kane) |
| CENTRE COUNTY<br>CORRECTIONAL FACILITY,<br>    Defendant | : | |

**MEMORANDUM**

On January 22, 2021, pro se Plaintiff Maurice L. Whyte ("Plaintiff"), who is presently incarcerated at the Center County Correctional Facility ("CCCF") in Bellefonte, Pennsylvania, initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 against CCCF in the Court of Common Pleas for Centre County.  (Doc. No. 1.)  On February 22, 2021, Defendant CCCF removed the above-captioned action to this Court for further proceedings. Defendant has filed a motion to dismiss.  (Doc. No. 3.)  Plaintiff has filed neither a response nor a motion seeking an extension of time to respond.  Accordingly, because the time period for filing a response has expired, the motion to dismiss (Doc. No. 3) is ripe for disposition.

**I.     BACKGROUND**

Relevant to this matter is the fact that Plaintiff has also filed a complaint pursuant to 42 U.S.C. § 1983 against C.O. Rockey ("Rockey"), C.O. Folk ("Folk"), Director of Treatment Jeffery Hite ("Hite"), and Deputy Warden Glenn Irwin ("Irwin").  See Whyte v. Centre Cty. Corr. Facility, No. 1:21-cv-124 (M.D. Pa.) (Doc. No. 1).  In that matter, Plaintiff avers that upon intake at CCCF, she "was asked a series of medical questions and questions pertaining to [her]

gender identity and sexual orientation."[1] (Id. at 2.) Plaintiff identifies as a transgender female. (Id.) She claims that because of her identity, the administration at CCCF has subjected her to "discriminatory and adverse actions," and that her "gender identity was used as a basis to house [her] in [an] alternative housing unit." (Id.) Plaintiff avers that she is housed with inmates who have a history of conflict, are mentally unstable, or who have been charged "with crimes of a sexual nature and are considered to be predatorily high risk." (Id.) She suggests that she is housed with the only other transgender inmate at CCCF. (Id.)

Plaintiff asserts that on November 24, 2020, Officer Folk "openly referred to [her] as a 'he-she,' while negatively conversing about [her] with another inmate." (Id. at 3.) Plaintiff maintains that this is an example of the verbal abuse she has experienced, and that staff at CCCF refuse to address her using female pronouns. (Id.) Plaintiff claims that on December 25, 2020, Officer Rockey, who was supervising her housing unit, "made inappropriate comments regarding [her] physical stature and the fact that [she has] augmented breasts." (Id.) Plaintiff told Officer Rockey that she intended to inform supervisory officials of his inappropriate conduct. (Id.) Officer Rockey then proceeded to conduct a search of Plaintiff's cell in retaliation. (Id.) Officer Rockey confiscated only "a handwritten list of books that [Plaintiff] titled 'black gay fiction novels.'" (Id.) On January 3, 2021, the shift commander informed Plaintiff that her sexual harassment complaint against Officer Rockey was unsubstantiated. (Id.)

Plaintiff alleges further that since arriving at CCCF, she has been on a medically prescribed allergy diet. (Id.) Plaintiff avers that after "complaining through the proper channels twice that [she] had been given meals containing contents that [she is] allergic to, subjecting

---

[1] In accordance with Plaintiff's wish to be referred to using female pronouns, the Court will do so in this Memorandum

2

[her] to substantial health risks, mistakes in regards to [her] meals became more frequent." (Id.) Plaintiff claims that her meals constantly have hair in them, are missing contents given to the rest of the inmates, or are frequently sent with items she is allergic to in them. (Id.) Plaintiff avers further that since arriving at CCCF, she has not received a single piece of mail that family, friends, and business associates have confirmed was sent. (Id.) Finally, Plaintiff suggests that she has been unable to successfully pursue her complaints through the grievance process at CCCF because her grievances have been improperly processed. (Id.) Based on the foregoing, Plaintiff appears to assert violations of her First, Eighth, and Fourteenth Amendment rights. She seeks injunctive relief as well as damages. (Id. at 4.)

In the above-captioned action, Plaintiff seeks to proceed against CCCF as the sole Defendant. She repeats the allegations set forth in her complaint in Civil Action 21-124. See Whyte v. Centre Cty. Corr. Facility, No. 1:21-cv-318 (M.D. Pa.) (Doc. No. 1). Based on these allegations, Plaintiff asserts violations of her First, Eighth, and Fourteenth Amendment rights,[2] as well as violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. (Id. at 9.) She seeks declaratory relief, as well as damages. (Id.)

## II.     LEGAL STANDARD

### A.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224,

---

[2] Plaintiff also references violations of her Second and Fifth Amendment rights. (Doc. No. 1 at 9.) The Second Amendment protects the right of "law abiding, responsible citizens to use arms in defense of hearth and home." See Dist. of Columbia v. Heller, 554 U.S. 570, 635 (2008). The right to possess firearms, however, is not at issue in the above-captioned case. Moreover, the Fifth Amendment's Due Process Clause "only applies to federal officials." See Bergdoll v. City of York, 515 F. App'x 165, 170 (3d Cir. 2013). Plaintiff, however, has not sued any federal officials in this matter.

232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)

(internal citations and quotation marks omitted).  The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle her to relief.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**B.    Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the

5

conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### III.  DISCUSSION

#### A.  Claims Pursuant to 42 U.S.C. § 1983

As noted supra, Plaintiff names the CCCF as the sole Defendant in Civil Action 21-318.  However, "a county jail is not a proper defendant in a § 1983 action because it is not a person and[,] therefore, not subject to suit under 42 U.S.C. § 1983."  See Frederick v. Snyder Cty. Prison, No. 3:18-cv-707, 2019 WL 1348436, at *3 (M.D. Pa. Mar. 22, 2019) (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)).  For that reason alone, the Court cannot proceed on Plaintiff's complaint as pled.

#### B.  Claim Pursuant to Title VII of the Civil Rights Act

Plaintiff also avers that officials' alleged discriminatory actions have violated her rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2.  (Doc. No. 1 at 9.)  Title VII, however, prohibits employment discrimination on the basis of an individual's "race, color, religion, sex, or national origin."  See 42 U.S.C. § 2000e-2(a)(1).  Plaintiff, however, is not an employee of CCCF.  Plaintiff's claim pursuant to Title VII will, therefore, be dismissed.

#### C.  Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of

pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing discussion, it would be futile to permit Plaintiff leave to amend her § 1983 claims against Defendant CCCF, her claims pursuant to the Second and Fifth Amendments, and her claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. Moreover, because any remaining claims are identical to those raised in Civil Action 21-124, the Court will not grant Plaintiff leave to file an amended complaint in the above-captioned action.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant the motion to dismiss (Doc. No. 3) and dismiss Plaintiff's complaint (Doc. No. 1). Plaintiff's claims against Defendant CCCF, claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and claims pursuant to the Second and Fifth Amendments will be dismissed with prejudice. Any other constitutional claims that Plaintiff may wish to pursue against individual defendants will be dismissed without prejudice to Plaintiff's right to pursue such claims in Civil Action 21-124. Plaintiff may not file an amended complaint in the above-captioned case. An appropriate Order follows.